FILED
CLERK
5/5/2017 5:08 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ALICIA CLARKES, SAMANTHA CLARKES,
HOLLY YOUNG, PAULA ROSS, CASSONDRA
CHURCH, JAMAL SMART, SUSAN MURPHY,
JUANITA CLARKES, JOYCE HOLLEY, CLAUDIA
MCDONALD,

                 Plaintiffs,

-against-

MICHAEL G. HUGHES, d/b/a attorney,

                 Defendant.
-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CV-00961 (JMA)(AYS)

**AZRACK, District Judge:**

On February 21, 2017, pro se plaintiffs Alicia Clarkes, Samantha Clarkes, Holly Young, Paula Ross, Cassondra Church, Jamal Smart, Susan Murphy, Juanita Clarkes, Joyce Holley, and Claudia McDonald (collectively, "plaintiffs") filed a complaint in this Court against Michael G. Hughes, d/b/a attorney ("Hughes" or "defendant"). Plaintiffs paid the Court's filing fee. Because the Court lacks subject matter jurisdiction to adjudicate plaintiffs' claims for the reasons that follow, the complaint is sua sponte dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

              **I.    BACKGROUND[1]**

Plaintiffs have checked both boxes on the form complaint to allege that the basis for this Court's subject matter jurisdiction is federal question and diversity. (See Compl. ¶ II. A.) In the space on the form complaint that calls for the federal Constitutional, statutory or treaty right is at issue, plaintiffs allege "Amendments I, IV, V, VI, VIII, IX, XIII, XIV United States Constitution –

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

1

see annexed for other applicable laws." (Id. ¶ II. B.) Annexed to the form complaint is an additional one hundred and eighteen (118) pages of exhibits. Therein, plaintiffs claim violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq., ("ECOA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), in addition to various state statutes. (Id. at 6, 8-9.) In the space on the form complaint that calls for the *state* of citizenship of each party, plaintiffs allege that they are citizens of the United States and that the defendant is "American." (Id. ¶ II. C.) However, plaintiffs have each indicated that they reside in Suffolk County, New York and that the defendant is an attorney licensed to practice law in the State of New York with offices located in Greenlawn, New York. (See Exhibit A annexed to the Complaint at page 10.)[2]

Plaintiffs' submission is a rambling, disjointed mix of conclusory allegations and is difficult to comprehend. At best, it appears that plaintiffs seek to challenge the legal representation provided by defendant to a family member, Kingsly O. McDonald ("K. McDonald"). (Id.) Plaintiffs allege that they are the "significant others" of K. McDonald who allegedly paid defendant $3,500.00 to represent him in an underlying immigration case. (Id.) Plaintiffs' claim that defendant did not renew his bar registration and was therefore ineligible to represent K. McDonald. Accordingly, plaintiffs seek an order declaring that defendant "violated the Petition for Pre Trial Motions and failed to notify plaintiffs that he had not renewed his registration at the United States Bar Association" as well as compensatory damages in a sum no less than $1,800,000.00 ($1.8 million) and an unspecified sum of punitive damages. (Id. at 15.)

## II.   DISCUSSION

**A.   Standard of Review**

Pro se submissions are afforded wide interpretational latitude and should be held "to less

---

[2] Because plaintiffs have provided separate pagination for each attachment to the Complaint, the Court will refer to the pagination assigned by the Court's Electronic Case Filing ("ECF") system for clarity.

stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather, the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000) (per curiam); Fed. R. Civ. P. 12(h)(3).

**A. Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is

3

lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Here, plaintiffs seek to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

**1. Application of Section 1331**

"A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted). A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10. Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, (1980), pro se litigants

4

must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

To the extent that plaintiffs seek to invoke this Court's federal question subject matter jurisdiction by alleging violation of various federal statutes and constitutional rights, they have not pled colorable claims. Although plaintiffs assert that defendant's actions violate the Constitution and various federal statutes (Compl. at 2, 6-9), they state no facts to support such claims. Thus, even affording the pro se complaint a liberal construction, it is clear that plaintiffs have not stated any colorable federal claims.

Under 42 U.S.C. § 1983, an individual may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014) (quoting Section 1983). To establish a viable Section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (citations and internal quotation marks omitted). Here, plaintiffs have brought suit against a private individual who is not alleged to have been "acting under color of state law" when he allegedly infringed on plaintiffs' constitutional rights. See Matusick, 757 F.3d at 55. Accordingly, plaintiffs have not alleged a colorable Section 1983 claim.[3]

Similarly, although plaintiffs claim violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq., ("ECOA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA")

---

[3] Moreover, given that plaintiffs' allege that defendant was retained by K. McDonald (a non-party to this action) to represent him in an underlying immigration matter, it is not at all clear that the plaintiffs are the real parties in interest in this case. Given that the Court lacks subject matter jurisdiction, the Court need not reach this issue.

(see Compl. at 6, 8-9), they have not included any facts in support of such claims. As is readily apparent, the complaint does not allege a colorable federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Despite plaintiffs' references to ECOA, FDCPA, and FCRA, their sparse allegations do not support a colorable claim such that this Court's subject matter jurisdiction is properly invoked. Because the complaint is bereft of any factual allegations, the Court cannot reasonably construe a colorable federal claim in support of its federal subject matter jurisdiction. Thus, plaintiffs' complaint does not establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[4]

**2. Application of 1332**

To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiffs and the defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). This means that none of the plaintiffs can be a citizen of the same state as any of the defendants. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Here, plaintiffs are individuals who are each alleged to reside in Suffolk County, New York, and thus are citizens of New York for diversity purposes. 28 U.S.C. § 1332(a)(1). Plaintiffs allege that defendant is attorney licensed to practice law in the State of New York with offices located in Greenlawn, New York. (See Exhibit A annexed to the Complaint at page 10.) Based on the information provided by plaintiffs, the parties are all domiciled in New York and therefore diversity of citizenship is lacking.[5] Accordingly, plaintiffs have not established this Court's subject matter jurisdiction under Section 1332. Again, although courts hold pro se

---

[4] Even if plaintiffs' complaint were sufficient to establish jurisdiction under § 1331, plaintiffs' federal claims would still fail on the merits because plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. As such, those claims would be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] Although the complaint does not actually use the term "domicile", the pro se plaintiffs included New York addresses for both parties to this action and the Court therefore concludes that diversity of citizenship is lacking.

complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), pro se litigants must establish subject matter jurisdiction. "[I]t is well-established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 323 (2d Cir. 2001) (quoting Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)).

Given that this Court lacks subject matter jurisdiction under either Section 1331 or Section 1332, the complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

**D.    Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet, while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiffs should be granted leave to amend their complaint. Plaintiffs are afforded an opportunity to amend their complaint in accordance with this Order. Plaintiffs' amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 17-CV-00961(JMA)(AYS), and shall be filed within thirty (30) days from the date of this Order. Plaintiffs are advised that an amended complaint completely replaces the original, so plaintiffs must include all allegations they wish to

pursue against the defendant in the amended complaint.  Further, if plaintiffs do not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed. Alternatively, plaintiffs may pursue any valid claims they may have against the defendant in state court.

### III.    CONCLUSION

For the forgoing reasons, the complaint is sua sponte dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  Plaintiffs are granted leave to file an amended complaint in accordance with this order within thirty (30) days of the date of this order.  If plaintiffs do not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.  Alternatively, plaintiffs may pursue any valid claims they may have against the defendant in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                                              ___/s/ (JMA)_____
                                                                                                Joan M. Azrack
Dated:   May 5, 2017                                                          United States District Judge
             Central Islip, New York