FILED
CLERK

10/30/2018 4:04 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALICIA CLARKES, SAMANTHA CLARKES,
HOLLEY YOUNG, PAULA ROSS, CASSONDRA
CHURCH, JAMAL SMART, SUSAN MURPHY,

                  Plaintiffs,

  -against-

THE LAW OFFICES OF MICHAEL G. HUGHES,
MICHAEL G. HUGHES d/b/a attorney,

                  Defendants.
------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-CV-00961 (JMA)(AYS)

**AZRACK, United States District Judge:**

      On February 21, 2017, *pro se* plaintiffs Alicia Clarkes, Samantha Clarkes, Holley Young, Paula Ross, Cassondra Church, Jamal Smart, Susan Murphy, Juanita Clarkes, Joyce Holley, and Claudia McDonald filed a fee-paid complaint in this Court against Michael G. Hughes, d/b/a attorney ("Hughes"). By Memorandum and Order dated May 5, 2017 (the "M&O"), the Court *sua sponte* dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. In an abundance of caution, the Court granted plaintiffs leave to file an amended complaint in accordance with the guidance set forth in the M&O. (ECF No. 6.)

      On June 2, 2017, a sub-set of the original *pro se* plaintiffs—Alicia Clarkes, Samantha Clarkes, Holley Young, Paula Ross, Cassondra Church, Jamal Smart, and Susan Murphy (collectively, "plaintiffs")—timely filed an amended complaint against Hughes and the Law Offices of Michael G. Hughes ("Law Office" and together, "defendants"). The three individuals who did not join the amended complaint, or otherwise respond to the M&O—Juanita Clarkes, Joyce Holley, and Claudia McDonald—were thus terminated from the case. Like the original complaint, plaintiffs again seek to challenge the legal representation provided by defendants to a

1

family member, Kingsley O. McDonald ("K. McDonald"). Because the Court lacks subject matter jurisdiction to adjudicate the claims set forth in the amended complaint, it is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court is directed to close this case.

## I. The Amended Complaint

All material allegations in the amended complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

As part of their amended complaint, plaintiffs checked the box on a form complaint to allege that the basis for this Court's subject matter jurisdiction is federal question. (See Am. Compl. ¶ II. A.) In the space on the form complaint that calls for the federal Constitutional, statutory or treaty right is at issue, plaintiffs allege "see attached." (Id. ¶ II. B.) Annexed thereto is an additional one hundred and eighty two (182) pages of exhibits. Much of what was submitted is a repeat of the original complaint and its exhibits. Plaintiffs' submission is again a rambling, disjointed mix of conclusory allegations and is difficult to comprehend. At best, it still appears that plaintiffs seek to challenge the legal representation provided by defendants to K. McDonald in an unrelated immigration proceeding.

## II. DISCUSSION

### A. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d

2

Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000) (per curiam); Fed. R. Civ. P. 12(h)(3).

**A.      Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3). The

party asserting jurisdiction bears the burden of proof. DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Here, plaintiffs seek to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted). A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10. Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, (1980), *pro se* litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Here, although plaintiffs seek to invoke this Court's federal question subject matter jurisdiction by alleging violation of various federal statutes and constitutional rights, they have not pled colorable claims. Under 42 U.S.C. § 1983 ("Section 1983"), an individual may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014) (quoting Section 1983). To establish a viable Section 1983 claim, a

4

plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (citations and internal quotation marks omitted). The amended complaint, just like in the original complaint, seeks to impose Section 1983 liability against a private individual who is not alleged to have been "acting under color of state law" when he allegedly infringed on plaintiffs' constitutional rights. See Matusick, 757 F.3d at 55. Accordingly, plaintiffs have not alleged a colorable Section 1983 claim.[1]

Plaintiffs also seek to bring suit under the All Writs Act, 28 U.S.C. § 1651, the U.S. Patriot Act, the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq., ("ECOA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), the Bank Secrecy Act, various sections of the U.S. Bankruptcy Code and Tax Code, as well as Title 18 of the United States Code ("Title 18"). (See Am. Compl. at 9-16.) However, they have not included any facts in support of such claims and appear to include these federal statutes solely as a basis to invoke this Court's federal question subject matter jurisdiction.

Notably, Title 18 is the federal criminal code and "[g]enerally, violations of criminal statutes may not serve as the basis for civil remedies unless the specific statute includes an express or implied private right of action. Hills v. Liberty Mut. Ins., 14-CV-328S, 2015 WL 1243337, *3 (W.D.N.Y. Mar. 18, 2015) (citing Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979); Christian

---

[1] Moreover, it is not clear that plaintiffs are the real parties in interest in this case. Plaintiffs allege that defendants were retained to represent K. McDonald (a non-party to this action) in an underlying immigration matter. Notably, in Related Case No. 2:17-cv-02711, the plaintiffs brought suit against Suffolk County on behalf of K. McDonald and this Court held that plaintiffs lacked standing to maintain that suit. Memorandum & Order Dismissing Case, Clarkes, et al. v. Suffolk County, No. 2:17-cv-02711 (E.D.N.Y. Oct. 23, 2018), ECF No. 13. Given that the Court lacks subject matter jurisdiction in the instant case, the Court need not reach this issue.

v. Town of Riga, 649 F.Supp.2d 84, 90 (W.D.N.Y. 2009)). None of the provisions of Title 18 upon which plaintiffs rely provide for a private right of action. See, e.g. Official Publ'ns, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir.1989) (no private right of action for 18 U.S.C. § 1341).

Moreover, it is readily apparent that the amended complaint does not allege any colorable federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Indeed, the Court has carefully reviewed the amended complaint and is unable to discern a basis for federal question jurisdiction since the sparse facts set forth by plaintiffs do not give rise to a claim arising under the United States Constitution, or federal statutes or treaties. Thus, plaintiffs' complaint does not establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

In an abundance of caution and in light of plaintiffs' *pro se* status, the Court next considers whether there is a basis to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, as the Court explained in the M&O, "there must be complete diversity of citizenship between the plaintiffs and the defendants" in order to satisfy Section 1332's diversity of citizenship requirement. See M&O at 6 (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)). This means that none of the plaintiffs can be a citizen of the same state as any of the defendants. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Here, plaintiffs are individuals who are each alleged to reside in Suffolk County, New York, and thus are citizens of New York for diversity purposes. 28 U.S.C. § 1332(a)(1). Plaintiffs allege that Hughes is attorney licensed to practice law in the State of New York and the

---

[2] Even if plaintiffs' amended complaint was sufficient to establish jurisdiction under § 1331, plaintiffs' federal claims would still fail on the merits because plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. As such, those claims would be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6

Law Offices are located in Greenlawn, New York. (See Am. Compl. at 12.) Based on the information provided by plaintiffs, the parties are all domiciled in New York and therefore diversity of citizenship is lacking.[3]

Again, although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. "[I]t is well-established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 323 (2d Cir. 2001) (quoting Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)). Because diversity of citizenship is lacking, plaintiffs have not established this Court's subject matter jurisdiction under Section 1332.

As this Court lacks subject matter jurisdiction under either Sections 1331 or 1332, the amended complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

**D.    State Law Claims**

Given the dismissal of the federal claims in the amended complaint for lack of subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims and dismisses them without prejudice. "[A] federal court should generally decline to exercise supplemental jurisdiction over state law claims, if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction and the complaint's federal claims are dismissed in the litigation's 'early stages.'" Pelt v. City of New York, 11-CV-5633, 2013 WL 4647500, at *19 (E.D.N.Y. Aug. 28, 2013) (internal quotation marks and citations omitted). Indeed, the Second Circuit instructs that it would "be clearly inappropriate for the

---

[3] Although the amended complaint does not actually use the term "domicile," because the plaintiffs included New York addresses for all parties to this action, the Court concludes that the amended complaint fails to plead diversity of citizenship.

district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction" where the Court lacks subject matter jurisdiction over federal claims. Cave v. East Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008). Accordingly, the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" Kolari v. N.Y. Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).

E.     Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiffs should be granted leave to further amend their complaint. Given that plaintiffs have already been afforded the opportunity to amend their complaint in accordance with the guidance set forth in the M&O and simply filed a near repeat of the original complaint, leave to further amend the complaint is denied.

III.    CONCLUSION

For the forgoing reasons, the amended complaint is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims and any such

8

claims are also dismissed without prejudice. The Clerk of the Court is directed to close this case and to mail a copy of this Order to the plaintiffs at their last known addresses.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiffs seek leave to appeal *in forma pauperis*, such status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                                    /s/ (JMA)
                                                                           Joan M. Azrack

Dated: October 30, 2018                           United States District Judge
       Central Islip, New York